| Haywood County | **STATE OF TENNESSEE** | Case Number |
|---|---|---|
|  | **CIVIL SUMMONS** | 4755 |
|  | page 1 of 1 |  |
| Patricia Gage | Vs. Vision Path, Inc., d/b/a Hubble Contacts | |

**Served On:**

Vision Path, Inc., d/b/a Hubble Contacts - Registered Agent - Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808

FILED AUG 10 2022
MARY B. LONON, CLERK

You are hereby summoned to defend a civil action filed against you in _____ Court, _____ County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: August 10, 2022              Brenda Wills D.C.
                                              Clerk / Deputy Clerk

Attorney for Plaintiff: Joshua D. Moore, Esq., Morgan & Morgan, P.A.
20 N. Orange Avenue, 14th floor, Orlando, FL 32801

**NOTICE OF PERSONAL PROPERTY EXEMPTION**

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

**CERTIFICATION (IF APPLICABLE)**

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____                    _____
                                            Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____                   By: _____
                                            Please Print: Officer, Title

Agency Address                      Signature

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____                   _____
                                            Notary Public / Deputy Clerk (Comm. Expires _____)

Signature of Plaintiff              Plaintiff's Attorney (or Person Authorized to Serve Process)
                                            (Attach return receipt on back)

ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at _____

EXHIBIT A



FILED
AUG 1 0 2022
MARY B. LONON
CLERK

IN THE CIRCUIT COURT OF TENNESSEE
FOR HAYWOOD COUNTY

PATRICIA GAGE,

    Plaintiff,

v.

VISION PATH, INC.,

d/b/a HUBBLE CONTACTS

    Defendant.

No. 4755

## PLAINTIFF'S COMPLAINT

Plaintiff, Patricia Gage (hereinafter "Ms. Gage" or "Plaintiff"), by and through undersigned counsel, files this Complaint for damages against Defendant VISION PATH, INC. d/b/a HUBBLE CONTACTS. In support thereof, Plaintiff alleges and would show the following:

### STATEMENT OF THE PARTIES

1. Ms. Gage is a resident of Bells, Haywood County, Tennessee and is over the age of eighteen (18) years.

2. Defendant VISION PATH, INC. d/b/a HUBBLE CONTACTS (hereinafter "HUBBLE") is a Delaware corporation with its principal place of business at 215 Park Avenue South, 11th Floor, New York, NY 10003. HUBBLE transacts or has transacted business in the State of Tennessee and throughout the United States. At all times relevant to this Complaint, acting alone or in concert with others, Hubble has advertised, marketed, distributed, or sold contact lenses to consumers throughout the United States.

3. HUBBLE sells contact lenses direct to consumers via a monthly subscription model, primarily through its website www.hubblecontacts.com.

4. Defendant HUBBLE sold directly to Plaintiff, Ms. Patricia Gage, via a subscription and its website contact lenses. Specifically, HUBBLE sold Plaintiff contact lenses for daily wear that were manufactured by St. Shine Optical Co., Ltd.

5. Upon information and belief, the subject contact lenses were manufactured by St. Shine Optical Company, Ltd. 4, SF, no. 276-2, Sec, 1, Ta tung Rd. His Chich District, New Talpel City 221, Taiwan.

  a. Upon information and belief, St. Shine Optical Co., Ltd. has no physical presence in Tennessee;

  b. Upon information and belief, St. Shine Optical Co., Ltd. is not registered to do business in Tennessee;

  c. Upon information and belief, St. Shine Optical Co., Ltd. does not have any telephone numbers listed in Tennessee;

  d. Upon information and belief, St. Shine Optical Co., Ltd. has no third parties acting at its direction in Tennessee;

  e. Upon information and belief, St. Shine Optical Co., Ltd. has no marketing or advertising in Tennessee;

  f. Upon information and belief, St. Shine Optical Co., Ltd. does not own any properties in Tennessee;

  g. Upon information and belief, St. Shine Optical Co., Ltd.. has not otherwise purposefully availed itself of the privileges and protections of Tennessee; and

      h. Upon information and belief, St. Shine Optical Co., Ltd. is not subject to service of process in Tennessee.

## JURISDICTION AND VENUE

6. This civil action is brought under theories of strict liability, negligence, and breach of warranty.

7. Venue is properly situated in Haywood County pursuant to TENN. CODE ANN. § 20-4-101 because Plaintiff resides in Haywood County and because the cause of action arose in Haywood County, Tennessee.

8. Defendant HUBBLE submitted to the jurisdiction of this Court by doing personally or through its agents the following acts:

      a. Committing a tortious act within this state by selling and delivering defective products to persons in this state in the ordinary course of commerce and trade – including the direct sale of the subject contact lenses to Plaintiff;

      b. Conducting and engaging in substantial business and other activities in Tennessee by selling products to persons, firms, or corporations in this state via its website and subscription. Such products were used by consumers in Tennessee in the ordinary course of commerce and trade, including Plaintiff;

      c. The acts and omissions of Defendant HUBBLE caused injury to the Plaintiff while in Tennessee. At or about the time Plaintiff was injured, the Defendant was engaged in solicitation activities in Tennessee to promote the sale, consumption, and use of their products; and

       d. Selling products with knowledge or reason to foresee that these producs would be shipped in interstate commerce and would reach the market of Tennessee users or consumers.

9. The incident giving rise to this Complaint is the result of dangerous and/or defective products purchased and then used in Bells, Tennessee located in Haywood County and, therefore, venue is proper in Haywood County.

10. This Court has general jurisdiction of this matter pursuant to TENN. CODE ANN. § 16-10-101.

## FACTUAL BACKGROUND

11. Ms. Gage got a prescription from Visionworks and ordered the subject contact lenses though a subscription at hubblecontacts.com in August 2021.

12. In September 2021, Ms. Gage used the subject contact lenses and immediately felt like she was getting an infection, possibly Plaintiff pink eye.

13. On or about September 23, 2021, she visited the eye doctor because her eye was inflamed and was informed that she had a waterborne bacterial infection on her eye.

14. Ms. Gage was diagnosed with a pseudomona infection that was aggressive, resistant to antibiotics, and led to a corneal ulcer in her right eye.

15. Upon information and belief, the bacterial infection came from the subject contact lenses.

16. The infection spread to her eye and required months of treatment. As a result of the infection, Ms. Gage is now blind in her right eye.

17. Upon information and belief, when Ms. Gage used the subject contact lenses, they were in the same condition as when sold and placed into the stream of commerce by HUBBLE.

18. Upon information and belief, when Ms. Gage used the subject contact lenses, they were in the same condition as when manufactured by St. Shine Optical Company, Ltd.

19. St. Shine Optical Company, Ltd. is not subject to service of process in Tennessee nor does the Tennessee long-arm statute provide any basis for obtaining service of process over St. Shine Optical Company, Ltd.

20. The subject contact lenses are "products" within the meaning of TENN. CODE ANN. § 29-28-102(5).

21. Ms. Gage used the subject contact lenses in a reasonably foreseeable manner and or their intended purposes.

### PRODUCTS LIABILITY ACTION PURSUANT TO TENN. CODE ANN. § 29-28-101 *et seq.*

### COUNT I
### STRICT LIABILITY IN TORT AGAINST HUBBLE

22. Paragraphs 1 – 21 are incorporated by reference as if stated fully herein.

23. HUBBLE is a specialty seller engaged in the business of selling vision products and contact lenses to the public, including selling the subject contact lenses to Plaintiff.

24. HUBBLE placed the subject contact lenses for sale with knowledge that they would be used without inspection for dangers or defects.

25. HUBBLE knew or should have known that the ultimate users, operators or consumers would not or could not properly inspect the subject contact lenses for dangerous conditions and that the detection of such defects and dangers would be beyond the capabilities of such persons.

26. HUBBLE sold and distributed products in a "defective condition" as defined by TENN. CODE ANN. § 29-28-102(2) and as described below.

27. HUBBLE sold and distributed products that were "unreasonably dangerous" as defined by TENN. CODE ANN. § 29-28-102(8) and as described below.

28. The subject contact lenses were defective and unreasonably dangerous to the ultimate operators or consumers, including Plaintiff when sold and distributed by HUBBLE including but not limited to the following ways:

    a. The subject contact lenses failed to operate and perform as an ordinary consumer would expect;

    b. The subject contact lenses were sold in an unsafe, unreasonably dangerous and defective condition such that it contributed to and caused the bacterial infection, corneal ulcer, and blindness to Plaintiff Patricia Gage when used under normal and foreseeable conditions;

    c. The subject contact lenses were sold in an unsafe, unreasonably dangerous and defective condition such that they had and caused a bacterial infection in Plaintiff's right eye when used under normal and foreseeable conditions;

    d. The subject contact lenses were sold in an unsafe, unreasonably dangerous, and defective condition because the they caused and contributed directly to the bacterial infection, corneal ulcer, and blindness in Plaintiff Patricia Gage's right eye; and

    e. The subject contact lenses were defective in that they failed to operate and perform as marketed and advertised.

29. On the date of the incident, HUBBLE's "products," as defined by TENN. CODE ANN. § 29-28-102(5), the subject contact lenses, were within their "anticipated life," as defined by TENN. CODE ANN. § 29-28-102(1).

30. At the time of the incident, the subject contact lenses were in substantially the same condition as when sold by HUBBLE and were being used by Ms. Gage in a reasonably foreseeable manner.

31. For the reasons set forth above, the subject contact lenses were in a defective condition and were unreasonably dangerous to foreseeable users, including Ms. Gage.

32. HUBBLE is strictly liable for the damages to Ms. Gage as a result of its sale and distribution of the subject contact lenses.

33. The operation and performance of the subject contact lenses failed to meet the "Consumer Expectation Test" as that term is understood under Tennessee law.

34. A reasonably prudent manufacturer or seller would not have put the subject contact lenses on the market because of their unsafe and dangerous conditions.

35. At all times mentioned herein, the subject contact lenses were defective and unreasonably dangerous for their intended purposes.

36. As a direct and proximate result of the defective subject contact lenses, Ms. Gage suffered serious injury, including, but not limited to, catastrophic, permanent injury, disfigurement, and permanent blindness in her right eye; conscious pain and suffering, mental anguish and emotional distress; loss of wages; and incurred medical, hospital, and caretaking expenses.

## COUNT II
## NEGLIGENCE AGAINST HUBBLE

37. Paragraphs 1 – 36 are incorporated by reference as if stated fully herein.

38. HUBBLE knew or in the exercise of due care should have known that the subject contact lenses would be used without inspection in an unreasonably dangerous condition and would create a foreseeable risk of harm to users, including Ms. Gage.

39.     HUBBLE was under a duty to properly and adequately inspect, test, distribute, instruct, warn, and/or sell the subject contact lenses in a reasonably safe condition as not to present a danger to members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact with them, including Ms. Gage.

40.     HUBBLE breached the duty owed to Ms. Gage by negligently inspecting, testing, distributing, warning, and/or selling the subject contact lenses when they were not in a reasonably safe condition for foreseeable use, including but not limited to the following ways:

   a. Failing to sell the subject contact lenses in such a condition so that they would operate safely as a reasonable consumer would expect;

   b. Failing to sell the subject contact lenses in such a manner that it would not contribute to bacterial infection, disfigurement, and blindness;

   c. Failing to sell the subject contact lenses in such a manner that they did not contain bacteria that could cause and contribute to infection, disfigurement, and blindness;

   d. Failing to inspect or perform any quality control on the subject contact lenses to ensure that they were not in a defective and unreasonably dangerous condition that would contribute to bacterial infection, disfigurement, and blindness;

   e. Failing to inspect or perform any quality control on the subject contact lenses to ensure that they did not contain bacteria that would contribute to and cause bacterial infection, disfigurement, and blindness;

8

  f. Failing to provide reasonable and adequate warnings to the purchasers and users of the subject contact lenses to alert users of the dangerous conditions described herein; and

  g. Failing to provide reasonable and adequate warnings to the purchasers and users of the subject contact lenses to alert users of the dangerous conditions described herein.

41. The negligence described above directly and proximately caused the incident and injuries sustained by Ms. Gage in that it directly and in natural continuous sequence, produced or sustainably contributed to her injuries, bacterial infection, disfigurement, and blindness in her right eye.

42. As a direct and proximate result of the defective subject contact lenses, Ms. Gage suffered serious injury, including, but not limited to, catastrophic, permanent injury, disfigurement, and permanent blindness in her right eye; conscious pain and suffering, mental anguish and emotional distress; loss of wages; and incurred medical, hospital, and caretaking expenses.

## COUNT III
## BREACH OF EXPRESS WARRANTY AGAINST HUBBLE

43. Paragraphs 1 – 42 are incorporated by reference as if stated fully herein.

44. Ms. Gage was a foreseeable end-user of the subject contact lenses that form the basis of this lawsuit and were the legal cause of Ms. Gage's injuries.

45. HUBBLE was a specialty merchant with respect to its marketing and selling of contact lenses and vision care products, including but not limited to the subject contact lenses.

46. Ms. Gage relied on the skill, judgment, and expertise of HUBBLE who represents and holds itself out to the public as having superior knowledge regarding vision products including their quality, selection, and use.

47. In connection with the sale, supply, delivery, handling, marketing, advertising and warnings regarding the use of the subject contact lenses, HUBBLE expressly warranted that the subject contact lenses was safe to use, when in fact they were not because they directly caused or contributed to a bacterial infection and blindness when used under normal, foreseeable, and intended conditions and for intended purposes.

48. The subject contact lenses were unfit for the ordinary purpose or use for which they were intended, including their use by consumers such as Ms. Gage.

49. HUBBLE therefore breached an express warranty under Tennessee's Uniform Commercial Code because the subject contact lenses were not safe and ultimately causing injury and permanent blindness to Ms. Gage in the same condition as sold and supplied by HUBBLE.

## COMPENSATORY DAMAGES AND REQUESTED RELIEF

50. Ms. Gage would show that as a direct and proximate result of the acts and omissions of HUBBLE, as previously set forth, she sustained harms, injuries and damages and prays for the following relief against HUBBLE for the following:

    a. Compensatory damages in the amount that the trier of fact deems just, not to exceed the sum of $2 Million Dollars ($2,000,000.00).

    b. All costs of the Court and all discretionary costs, including but not limited to all expert fees, court report fees, exhibit expenses, deposition expenses, any other litigation expenses, and any and all other costs allowable by statute, common law and/or pursuant to Rule 54 of the Tennessee Rules of Civil Procedure, to be taxed to the Defendant immediately upon entry of any judgment in this cause;

    c. All pre-judgment interest and post judgment interest allowable by common law or statute as part of the relief requested herein;

d. Trial by jury on all issues; and

e. Such other further relief as this Honorable Court deems appropriate

## JURY DEMAND

**PLAINTIFF** hereby demands a jury trial on all issues so triable.

Respectfully submitted August 10, 2022,

*/s/ Joshua D. Moore*
Joshua D. Moore
Email: joshmoore@forthepeople.com;
tcminer@forthepeople.com
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, Suite 1400
Orlando, FL 32801
T: 407.648.9592
F: 407.204.2182